UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Nirna Pierre-Paul,

                    Petitioner,

—v—

Jefferson Sessions III, *et al.*,

                    Respondents.

18-CV-2016 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On March 6, 2018, Petitioner Nirna Pierre-Paul filed a petition for a writ of habeas corpus, challenging her detention by United States Immigration Customs and Enforcement ("ICE") in the Hudson County Correctional Center ("HCCC") in Kearny, New Jersey. Dkt. No. 1. Petitioner also applied for an Order to Show Cause seeking a temporary order 1) staying Ms. Paul's removal; and 2) enjoining Respondents Attorney General Jefferson Sessions III, Secretary of Homeland Security Kristjen Nielsen, ICE New York Field Office Director Thomas Decker, ICE Assistant New York Field Office Director Scott Mechkowski, and the Department of Homeland Security (collectively, "Respondents"), from transferring Petitioner from the jurisdiction of the New York Field Office and this District.

That same day, the Court held a hearing on Petitioner's application, *see* Dkt. No. 3, at which the Court and the Respondents both raised the question of whether the Southern District of New York was the proper forum for Petitioner's case, given that she was actually being detained in New Jersey. Following the conference, both sides submitted supplemental briefs on the jurisdictional question. Dkt. Nos. 8, 11.

However, on March 9, 2018, Petitioner filed an Amended Petition pleading additional challenges to her detention on the basis that she had derived U.S. Citizenship. *See* Amended

1

Petition ("Am. Pet."), Dkt. No. 9. As a result, counsel for the Government forwarded the information to ICE, which determined that Ms. Paul presented probative evidence that she derived U.S. citizenship. Dkt. No. 15, at 1. ICE released the Petitioner from detention that evening – March 9, 2018, and informed counsel for the Government that it had cancelled plans for her removal. *Id.*

In light of Petitioner's release from detention, the Respondents requested that this Court dismiss the action as moot. *Id.* at 2. The Court ordered Petitioner to show cause why the Court should not dismiss her petition as moot, Dkt. No. 18, and both sides have briefed the question. *See* Petitioner's March 13, 2018 Letter to the Court, Dkt. No. 19; Respondents' March 15, 2018 Response Letter to the Court, Dkt. No. 22.

### I.  Factual Background

The Court provides a brief factual background of Petitioner's immigration history for the purposes of the present question. Ms. Paul was born on August 25, 1965 in Haiti and has lived in the United States since the age of seven, when she was admitted as a Lawful Permanent Resident (LPR). Am. Pet. ¶ 7. On March 10, 2010, Paul was first ordered removed by ICE. *Id.* ¶ 23. In June 2010 however, she was released pursuant to an Order of Supervision. *Id.* On or about April 12, 2011, Paul was taken back into custody by ICE, but she was released again pursuant to a new Order of Supervision on May 5, 2011, and has been compliant with its terms ever since. *Id.* On February 27, 2018, Paul, without any prior notice, was re-detained by ICE. *Id.* ¶ 4. According to the Amended Petition, Paul claims that she became a naturalized U.S. citizen under 8 U.S.C. § 1431(a)(2) in 1977, at the time when her parents were legally separated, her mother became a naturalized citizen, and Paul was twelve years old. *See* Am. Pet. ¶ 10.

On March 12, 2018, the Government informed the Court that ICE had released Ms. Paul from custody based on ICE's evaluation of her claim to citizenship. Dkt. No. 15. Counsel for the Government represents that ICE has not placed Ms. Paul on "an order of supervision or any other restrictions or reporting requirements" and has cancelled plans for her removal. Dkt. No. 22 at 2.

Ms. Paul has filed a motion to reopen her removal proceedings with the Board of Immigration Appeals ("BIA") on the basis of her new claim to citizenship. *See* Dkt. No. 19, Ex. 1.

**II.     Analysis**

"In order to satisfy the case-or-controversy requirement [of Article III], a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Williams*, 475 F.3d 468, 478-79 (2d Cir. 2007). Petitioner's Amended Petition for *habeas corpus* requests that she remain free from civil immigration detention pending the resolution of proceedings. Am. Pet. at 26. Since the filing of the Amended Petition, Ms. Paul has been released and plans for her removal have been cancelled. She has received the relief that was sought in her habeas proceeding, and so the action is now moot. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). Following her release from ICE custody, Ms. Paul "is no longer suffering an 'actual injury.'" *See Leybinsky v. U.S. Immigration and Customs Enforcement*, 553 F. App'x. 108, 109 (2d Cir. 2014).

In the absence of any actual injury, for a habeas petition to continue to present a live controversy after the petitioner's release "some 'collateral consequence'" must remain that may be redressed by success on the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Ms. Paul suggests that the fact that she remains subject to a final removal order is sufficient for this Court to grant her relief. Dkt. No. 19 at 2. However, Petitioner challenged her *detention*, not her removal order. Indeed, this Court would lack jurisdiction to hear any challenge to her removal order. 8 U.S.C. § 1252(a)(5). And yet, any continuing injury would result from the removal order. *See Leybinsky*, 553 F. App'x at 109 ("The only consequence Leybinsky fears – future detention – is a consequence of his final order of removal, not of his most recent detention.").

Given the absence of any clear "actual injury" or "collateral consequence," Petitioner argues that this Court should not dismiss her case as moot under two exceptions to mootness: (1) the "capable of repetition, yet evading review" exception, and (2) the voluntary cessation

exception. Dkt. No. 19 at 3. The first exception applies where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17 (alteration in original; internal quotation marks and citation omitted). Petitioner claims that because ICE can revoke her release, she may again be subject to detention. Yet, while "*absolute* certainty of injury is not required for a case to be constitutionally ripe," *Simmonds v. I.N.S.*, 326 F.3d 351, 358 (2d Cir. 2003) (emphasis in original), the expectation that the dispute will recur must be reasonable, and not wholly speculative. *See Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) (internal quotation marks and citation omitted). It is true that Petitioner has been detained and released before on three separate occasions. But the circumstances are now substantially changed. She has presented evidence that she derived U.S. citizenship sufficiently probative that ICE immediately released her from custody and cancelled plans for her removal. Petitioner can point to no facts indicating that under these circumstances ICE is likely to exercise its discretion to detain her again and re-start her removal, nor that her release here was meant to evade review. Moreover, if she were re-detained, Ms. Paul may again file a petition for habeas in the appropriate federal court.

For similar reasons, Petitioner's invocation of the "voluntary cessation" exception to mootness doctrine is unavailing. It "is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation and internal quotation marks omitted). However, the Government may overcome the exception and demonstrate mootness by showing that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *MHANY Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (citation and internal quotation marks omitted). As stated above, ICE's release of Ms. Paul and cancellation of its plans for her removal "eradicated"

4

the alleged violation, and Petitioner can show "no reasonable expectation" that her detention will recur. The mere potentiality that Petitioner may be re-detained because she is under a removal order is insufficient to warrant this Court's retention of jurisdiction over the case.

* * *

For the foregoing reasons, the Court DISMISSES this action as moot without prejudice to Petitioner's ability to seek habeas relief from the appropriate court should she be re-detained.

SO ORDERED.

Dated: March 19, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge